IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CR-113-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ELIUD JAIMES SOTO, | ) | |
| | ) | |
| Defendant. | ) | |

On December 10, 2012, pursuant to a plea agreement [D.E. 27], Eliud Jaimes Soto ("Soto") pleaded guilty to one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841 and 846. See [D.E. 1] 1; [D.E. 27] 4, 7. The conspiracy took place on or about March 17, 2012. See [D.E. 1] 1.

On April 17, 2013, the court held Soto's sentencing hearing. See [D.E. 37]. At the hearing, the court adopted the facts in the Presentence Investigation Report ("PSR") [D.E. 32]. See Fed. R. Crim. P. 32(i)(3)(A). The court calculated Soto's total offense level to be 25, his criminal history category to be III, and his advisory guideline range to be 70 to 87 months. See PSR ¶ 59. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a) and the government's motion under U.S.S.G. § 5K1.1 [D.E. 35] and 18 U.S.C. § 3553(e), the court sentenced Soto to 60 months' imprisonment. See [D.E. 38].

On October 10, 2014, Soto filed a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines. See [D.E. 48]. Soto's new advisory guideline range is 57 to 71 months' imprisonment based on a total offense level of 23 and a criminal history category of III. See Resentencing Report. Soto seeks a 49-month sentence. See id.

The court has discretion to reduce Soto's sentence. See, e.g., Dillon v. United States, 560

U.S. 817, 827 (2010); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Soto's sentence, the court finds that Soto engaged in a serious conspiracy to distribute cocaine. See PSR ¶¶ 7–11. Furthermore, Soto has a disturbing criminal history, including a driving while impaired conviction and felony possession of cocaine conviction. See id. ¶¶ 15–18. Moreover, when Soto committed the offense in this case, he was an illegal alien who previously had been deported after a felony cocaine conviction. See id. ¶¶ 18, 29. Nonetheless, while incarcerated on his federal sentence, Soto engaged in some positive conduct. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, cmt. n.1(B)(iii).

Having reviewed the entire record and all relevant policy statements, the court finds that Soto received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a) and finds that reducing Soto's sentence would threaten public safety in light of his serious criminal conduct and serious criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Soto's serious criminal conduct and serious criminal history do not support reducing Soto's sentence. Thus, the court denies Soto's motion for reduction of sentence. See, e.g., Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, Soto's motion for reduction of sentence [D.E. 48] is DENIED.

SO ORDERED. This 16 day of May 2016.

JAMES C. DEVER III
Chief United States District Judge